E-FILED
Tuesday, 31 January, 2023 01:55:29 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| ZAC A. YOUNG, *individually, and on behalf of all others similarly situated,* | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT  3:23-cv-03023 |
| ROLS, INC. d/b/a CBQ SERVICES and JOHN DOES 1-10, | JURY TRIAL DEMANDED |
| Defendant. | |

## CLASS ACTION COMPLAINT

**NOW COMES** ZAC A. YOUNG ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through their undersigned attorney, complaining of the Defendant, ROLS, INC. d/b/a CBQ SERVICES ("Defendant") as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1.

2.      "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3.     As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction pursuant to 47 U.S.C. § 227, 15 U.S.C. §1692 , and 28 U.S.C. § 1331.

5.     This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Central District of Illinois, Defendant conducts business in the Central District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of Illinois.

## PARTIES

7.     Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 15 U.S.C. § 1692a(3), and resides in Quincy, Illinois.

8.     Defendant is a third party collection agency with its principal place of business of 510 Maine St, Suite 400, Quincy, Illinois 62301.

9.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as its principal business purpose is the collection of defaulted debts owed to others.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

2

11.    JOHN DOES 1-10 are third-party vendors that Defendant utilizes to assist Defendant in the collection of debts by consumers. The identities of John Does are unknown to Plaintiff at this time and will be identified through discovery.

### FACTS SUPPORTING CAUSE OF ACTION

12.    Prior to the events giving rise to this action, Plaintiff obtained a loan through State Street Bank to be used for personal use.

13.    On or around October 6, 2022, Plaintiff paid the loan off and obtained a $0 balance receipt, thus absolving any financial liability that Plaintiff may have had for the State Street Bank loan.

14.    In or around December 2022, Defendant began receiving prerecorded collection calls from Defendant attempting to collect funds allegedly still owed to State Street Bank for the aforementioned personal loan ("subject debt"), despite Plaintiff paying the subject debt in full.

15.    At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 9834.

16.    At all times relevant, Plaintiff 's number ending in 9834 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17.    At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services

18.    Plaintiff was greatly concerned by Defendant's attempts to collect additional funds not owed by Plaintiff and feared the unknown consequence that may follow should he not pay the additional funds allegedly owed.

19.    Plaintiff answered a call from Defendant and explained to the representative that he does not owe the subject debt and requested that the collection calls cease to his cellular phone.

20.     Despite Plaintiff's request that the collection calls cease, Defendant continued calling Plaintiff's cellular phone.

21.     Moreover, Defendant began leaving pre-recorded messages on Plaintiff's cellular phone.

22.     The pre-recorded messages stated as follows:

> "Hello this is Shannon calling from CBC Services. Please contact any of our representatives at 217-222-1500 today until 5:00 p.m. or any weekday from 8:00 a.m. to 5:00 p.m."

23.     It was clear to Plaintiff that Defendant's voicemails utilized an artificial and/or prerecorded voice as (1) all voicemails contained the identical message; (2) all voicemails were precisely the same duration; (3) the voicemails were all monotone and were conspicuously not left by a live representative; and (4) all voicemails directed Plaintiff to call a toll free number to speak to an unidentified representative.

24.     Upon information and belief, the prerecorded message described in Paragraph 22 is Defendant's stock message that it uses in all unanswered calls.

25.     Defendant's collections efforts were relentless and objectively unreasonable, unfair and unconscionable.

26.     Plaintiff had no choice but to submit to Defendant's harassing collection calls.

27.     From December 2022 through the present, Defendant placed numerous pre-recorded calls to Plaintiff's cellular phone after Plaintiff initially requested that the collection calls cease.

28.     Upon information and belief, all the aforementioned calls were placed by John Does 1-10 on behalf of Defendant.

4

29.     Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences.

30.     Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

## DAMAGES

31.     Defendant's unwanted robocalls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unwanted robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

32.     Moreover, each time Defendant placed a telephone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

33.     Due to Defendant's refusal to honor Plaintiff's request that it cease its invasive collection, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLASS ALLEGATIONS

34.     All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

All individuals residing in the United States (1) to whom Defendants placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) in connection with a debt allegedly owed by a third party to State Street Bank; (5) without his/her consent; (6) within the four years preceding the date of the original complaint through the date of class certification.

36.     The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors, or assigns of any such excluded individuals; and (6) individuals whose claims against Defendants have been fully and finally adjudicated and/or released.

**A. Numerosity**

37.     Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

38.     The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

39.     The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

40.     The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B. Commonality and Predominance**

41.     There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

6

42.     Those questions predominate over any questions that may affect individual members of the Putative Class.

**C. Typicality**

43.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendants' conduct.

**D. Superiority and Manageability**

44.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

45.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

46.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

47.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E. Adequate Representation**

48.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

49.     Plaintiff has no interests antagonistic to those of the Putative Class and Defendants have no defenses unique to Plaintiff.

50.     Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)
### (On behalf of Plaintiff and the Members of the Putative Class)

51.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

52.     Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing numerous non-emergency robocalls to Plaintiff's phone number utilizing an artificial or prerecorded voice without Plaintiff's consent.

53.     As pled above, Defendant used an artificial or prerecorded voice, which automatically played upon the call reaching Plaintiff's voicemail.

54.     Defendant did not have consent to place calls to Plaintiff's cellular phone as Plaintiff never provided Defendant with his cellular phone or otherwise consented to Defendants' phone calls.

55.     Upon information and belief, Defendant does not maintain any policies or procedures to ensure compliance with the TCPA.

56.     Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize productivity and profits at the expense of Plaintiff and the Putative Class.

57.     As pled above, Plaintiff was harmed by Defendant's unlawful robocalls.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Class, respectfully requests the following relief:

a.   an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

b.   a judgment in Plaintiff's favor finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

c.   an order enjoining Defendant from placing further violating calls to consumers;

d.   an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

e.   an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

f.   an award of such other relief as this Court deems just and proper.

## COUNT II:
### Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)
### (Plaintiff individually)

58.   All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a.  Violations of FDCPA § 1692c

59.   Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

60.   As set forth above, Plaintiff requested that Defendant cease its collection calls to his cellular phone.

61.     Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

62.     Defendant violated § 1692c(a)(1) by placing or causing to be placed numerous collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

63.     In other words, since Plaintiff did not want *any* calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

**b.  Violations of FDCPA § 1692d**

64.     Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

65.     Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5)

66.     Defendant violated §§ 1692d and d(5) by placing numerous collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt after being requested to cease the collection calls.

67.     Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

68.     Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant that he no longer wished to be contacted on his cellular telephone.

69.     The fact that Defendant knowingly placed or caused to be placed robocalls to Plaintiff after Plaintiff made a request that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

c.     **Violations of FDCPA §1692e**

70.     Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the subject debt. The subject debt was not owed at the time Defendant made its collection calls to Plaintiff as the debt the Defendant was attempting to collect had been paid off by the Plaintiff.

71.     Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. Defendant attempted to collect the subject debt from Plaintiff despite Plaintiff not owing the subject debt. Despite having actual knowledge of the error, Defendant bombarded Plaintiff with collection calls in an attempt to dragoon Plaintiff into paying a debt that was not owed.

72.     Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure payments on the subject debt, Defendant willingly ignored the fact that Plaintiff did not owe the debt.

73.     Further, Defendant falsely represented to Plaintiff that it could continue calling Plaintiff until the subject debt was paid, despite Plaintiff having asked Defendant to cease its collection calls.

74.     Defendant knew or should have known that repercussions for collection on a debt not owed.

**d.    Violation of  FDCPA §1692f**

75.    Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. The subject debt was not owed by the Plaintiff.

76.    Plaintiff requested the telephone calls stop, but Defendant bombarded Plaintiff with collection efforts anyway in hopes that Plaintiff would make a payment on a debt that he did not owe.

77.    Defendant violated §1692f(1) by attempting to collect the subject debt from Plaintiff when he did not owe the subject debt. By operation of law, Defendant did not have a legal right to collect a debt not legally owed by the Plaintiff at the time Defendant requested payment.

78.    As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was not owed at the time it made demands for payment.

79.    Upon information and belief, Defendant has no system in place to identify and cease collection of debts not owed.

80.    As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.    Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b.    Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying violations;

c.    Awarding Plaintiff reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k; and

d.      Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III
### Defendant's Violations of Illinois Consumer Fraud and Deceptive Business Practices Act
### (Plaintiff individually)

81.      All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

82.      The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

83.      Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

84.      Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

85.      Defendant is engaged in "commerce" in the State of Illinois with regard to Plaintiff as defined by ICFA, 815 ILCS 505/1(f).

**a.      Unfairness**

86.      It was unfair for Defendant to continue to collect on additional funds not owed after Plaintiff paid off the subject debt in October 2022.

87.      Plaintiff had no choice but to submit to Defendant's collection efforts and negative reporting despite Defendant's failure to keep its promises.

88.      The misleading actions completed by Defendant were against public policy, unethical, and oppressive.

89.      As pled above, Plaintiff was substantially harmed by Defendant's unfair conduct.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.      a finding that Defendant violated the ICFA;

b.      an order enjoining Defendant from placing further violating calls to Plaintiff;

c.      an award of actual damages in an amount to be determined at trial;

d.      an award of reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

e.      an award of any further relief that is equitable and just.

**Plaintiff demands trial by jury.**

Dated: January 31, 2023                              Respectfully Submitted,

*/s/ Marwan R. Daher*
Marwan R. Daher
Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8181
mdaher@sulaimanlaw.com
mbadwan@sulaimanlaw.com

14